IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

ALABAMA INJURY AND PAIN CLINIC.,            CASE NO. 18-3685-JCO

DEBTOR.            Chapter 11

## MEMORANDUM ORDER AND OPINION
## DENYING DEBTOR'S MOTION TO REINSTATE

This matter came before the Court on the Debtor's Motion to Reinstate Dismissed Case (doc. 353) and the Objections thereto by the Bankruptcy Administrator (doc. 359) and the United States of America (doc. 361). Notice was given and an expedited hearing was held pursuant to the Debtor's request. Appearances were noted on the record. Upon consideration of the Motion, Objections, Record, evidence and arguments of counsel, the Court finds that the Debtor's Motion to Reinstate is due to be DENIED for the following reasons:

### JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference of the District Court dated August 25, 2015.

### BACKGOUND AND PROCEDURAL HISTORY

The Debtor, Alabama Injury and Pain Clinic, filed its Chapter 11 voluntary petition on September 11, 2018. The Bankruptcy Administrator and the United States of America moved to Dismiss the case in January 2021. (Docs 206, 209). The Motions to Dismiss were continued liberally for over a year without vehement objection by the Movants to allow the Debtor an opportunity to propose a feasible plan and satisfy the requirements for confirmation. A plan was

1

never confirmed and the Motions to Dismiss were argued on March 15, 2022. The Court determined that dismissal was appropriate under 11 U.S.C. §1112(b) for cause based on: (1) the diminution of the estate; (2) the absence of a reasonable likelihood of rehabilitation; (3) gross mismanagement of the estate; (4) non-compliance with the court's order; and (4) the Debtor's failure to timely file taxes. (doc. 351).

The Debtor thereafter filed its Motion to Reinstate Case on April 8, 2022 (doc. 353). The Bankruptcy Administrator (doc. 359 ) and the United States (doc. 361) filed objections to the Debtor's Motion. (Docs. 359, 361).

**FINDINGS OF FACT**

The Debtor's Motion to Reinstate recounted pre dismissal case history including the various issues contributing to the dismissal and summarily stated that now , "the Debtor should be able to meet the payments set forth in the Amended Plan and Disclosure Statement." (doc. 353 at 4). At the hearing, Dr. James Gordon testified as an owner of the Debtor. He stated that: (1) the Debtor had been working continually since the filing of the case to decrease expenses and increase revenue, including reducing staff and vendors; (2) payments on the Debtor's building will soon be completed; (3) Gordon obtained additional part-time employment which he is contributing to the Debtor; and (4) the Debtor's marketing budget can be adjusted as needed. He also indicated that as to the two post-petition loans that the Debtor obtained without court approval, one was forgiven and he made arrangements on the other to start making monthly payments. He further testified that if the case is reinstated, he thinks the Debtor could file a plan within 30 days.

Gordon contended that the Debtor had caught up its tax payments, but he presented no documentary proof thereof and admitted that some payments were made after dismissal of the

2

Case 18-03685    Doc 367    Filed 05/13/22    Entered 05/13/22 13:58:50    Desc Main
Document      Page 2 of 6

case. Nor was there any dispute that the Debtor violated the October 26, 2018 Consent Order. (Doc. 45)(requiring the Debtor to make monthly adequate protection payments in the amount of $3000.00 to the IRS and file a plan within 240 days.)

It was also noted at the hearing, that this is not the Debtor's first bankruptcy filing. The case has been pending for four years without a confirmed plan, and the Debtor's operating reports and bank statements do not reflect sufficient net income to establish that the Debtor could propose a feasible plan. Additionally, although the Debtor's Motion did not provide its legal basis, Debtor's counsel indicated at the hearing that relief is sought under Bankruptcy Rule 60(b).

## ISSUE

The issue presented is whether sufficient grounds exist to set aside the court's prior order of dismissal.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 60(b) is made applicable to bankruptcy proceedings under Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief

*Fed. R. Civ. P.* 60.

The Debtor's Motion to Reinstate does not set forth technical legal grounds or specify which subsection of Rule 60 the Debtor contends is applicable. Since there are no facts or allegations sufficiently plead to support relief, under (b)(1)-(b)(5), the Court reasons that relief is requested under the "catch all provision" of 60(b)(6). This conclusion is based upon the following: (1) the Debtor's Motion does not allege mistake, inadvertence, surprise or excusable neglect; (2) there is no reference to any new evidence which could not have been previously discovered; (3) there is no allegation of fraud; (4) there are no grounds asserted that the judgment is void; and (5) the prior dismissal order was not based on an earlier judgment.

It is well established that relief under Rule 60(b)(6), is an "extraordinary remedy" and that the movant must demonstrate circumstances sufficient to warrant it. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Gilley v. Monsanto Co., Inc.*, 428 Fed. App'x 883, 885 (11th Cir.2011); *Aldana v. Fresh Del Monte Produce, Inc.,* No. 01-3399-CIV-MORENO, 2012 WL 5364241, at 4 (S.D. Fla. Oct. 30, 2012), aff'd sub nom. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349 (11th Cir. 2014). Further, the movant must show that "absent such relief an 'extreme' and 'unexpected' hardship will result. *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir.1977)(quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)). Even then, "whether to grant relief is a matter for the ... court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir.2006)(quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir.2000).

In this case, the Debtor enjoyed the benefit of the automatic stay for approximately four years without filing a confirmable plan. During which time, the Debtor entered into loan agreements without court approval, neglected to make court ordered adequate protection payments, and failed to timely maintain its tax obligations. The Debtor's conduct and inability to confirm a plan, despite an unusually extended timeframe to do so, led to dismissal of the Debtor's case on the grounds set out in this Court's March 28, 2022 Order. (doc. 351). Although Dr. Gordon testified that the Debtor made post dismissal tax payments, continued its pre-dismissal efforts to reduce expenses and increase income, and believes the Debtor could propose a plan within 30 days if reinstated, such testimony does not in the Court's view constitute "extraordinary circumstances" sufficient to justify the relief requested.

The Dismissal Order was warranted on the grounds set out therein and was not in error or entered by mistake. Facts supporting the dismissal, including the Debtor's inability to present a confirmable plan during the extended pendency of the case, failure to comply with orders of this Court, including the failure to tender the ordered adequate protection payments, and failure to remit tax payments timely remain the same. This is not the Debtor's first bankruptcy. Based upon the length of the case and the number of continuances allowed, the Debtor had ample notice of the pending Motions to Dismiss and that failure to comply with its duties and prior court orders could result in dismissal. Thus, Dr. Gordon's testimony regarding the Debtor's purported and potential net revenue increases, and post-dismissal prospects of proposing a viable plan at this late date, do not only seem aspirational at best, but also fail meet the technical requirements to vacate this Court's prior dismissal order under Rule 60(b).

## **CONCLUSION**

Based on the foregoing, the Court hereby finds that the Debtor has not met its burden of demonstrating extraordinary circumstances sufficient to warrant the relief requested under Rule 60(b). Thus, it is hereby ORDERED, ADJUDGED and DECREED that the Debtor's Motion to Reinstate the Case is DENIED.

Dated: May 13, 2022

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE